UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAUCER CORPORATE CAPITAL, NO. 2 LIMITED, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-3031 |
| HARDAM S. AZAD, *et al*, | § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Chaucer Corporate Capital, No. 2, Ltd.'s motion for attorney's fees. Doc. 15. The Court previously granted Chaucer, the stakeholder in this interpleader action, leave to deposit $347,849.09 of contested funds into the registry of the Court (Doc. 13) and discharged Chaucer from this action (Doc. 14). When it granted Chaucer's motion for discharge, the Court also awarded Chaucer "reasonable attorney's fees and costs" upon Chaucer's motion under Rule 54(d). *Id.* Chaucer has now made such a motion.

Defendants Hardam S. Azad, d/b/a Five Million Square Feet Companies, Continental Ballrooms, Inc., Trading Fair IV, Inc., and Webster/Marinagate, Inc. filed a motion in opposition to Chaucer's request for attorney's fees (Doc. 21) in which Defendant KeyCorp Real Estate Capital Markets, Inc. and Wells Fargo Bank, N.A. join. Docs 22, 23.

After considering Chaucer's motion and the Defendants' opposition, the Court finds that the motion should be granted.

A district court may award attorney's fees to the stakeholder in an interpleader action "whenever it is fair and equitable to do so." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. AND PROC. § 1719 (2012). *See also Corrigan Dispatch Co. v.*

*Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). Defendants contend that the Court should not do so here, however, "because the present suit was unnecessary and, even if necessary, Chaucer's costs and fees are anticipated costs of its own business." Doc. 21 at 3.

Defendants have not indicated any standard by which this Court could determine the "necessity" of interpleader. Whether interpleader was the wisest or most expeditious means of resolving potential claims, nothing before the Court indicates that Chaucer acted in bad faith when it filed this interpleader action. To the contrary, Chaucer has alleged the existence of "numerous pending lawsuits, claimants, and lienholders, all with some putative interest or claim to insurance proceeds sought by Defendants." Doc. 24 at 3.

Defendants contend that many of the named Defendants in this action were not necessary parties to this action because they were not "scheduled as insureds, additional insureds, or loss payees on the policy." Doc. 21 at 5. In support, Defendants point to related litigation in which Judge Werlein disallowed the intervention claims of MRCO, Inc. and Commercial Roof Consultants & Claims Management, LLC, two Defendants in this action. Doc. 21 at 5 (citing Doc. 48 in *Chaucer Corporate Capital No. 2 Ltd. v. Azad*, No. 4-10-cv-180 (S.D.Tx. Sept. 8, 2011)). That example works against the Defendants. Whether those parties had a legal claim to the insurance proceeds, their attempt to intervene in related litigation indicates the potentially baseless but nonetheless existent and conflicting claims Chaucer may have faced had it not sought the protection of discharge in an interpleader action.

Similarly, Defendants' argument that "Chaucer's costs and fees are anticipated costs of its own business" (Doc. 21 at 3) is unpersuasive. "[T]he cost-of-business rationale fails to recognize that other equitable concerns should be consulted in determining whether fees or costs are warranted." 7 FED. PRAC. AND PROC. § 1719. The Court instead asks "should the

interpleading party be required to assume the risk of multiplicity of actions and erroneous election?" *Id.* Because Chaucer admitted liability and deposited the funds into the Court's registry and because of the demonstrable risk of vexatious or conflicting litigation in the absence of an interpleader action, the Court cannot say that Chaucer should be forced to bear the costs of making the disputed funds available to the legitimate claimants.

As to the amount of the fee award, Chaucer's requested $9,415 seems eminently reasonable. Chaucer has introduced affidavit testimony of its counsel attesting to a rate of $225 per hour for work billed by two partners in the law firm of Brackett & Ellis, PC, $165 per hour for associates with that firm, and $95 per hour for paralegals. Doc. 15-1 at 3. The hourly rates are at the low end of the range this Court customarily awards. Chaucer also has introduced billing records for work performed researching the law of interpleader and the specific facts of this case, including the various potential claimants to the funds, drafting the interpleader motion, and for personal service on eight Defendants. Doc. 15-2. Defendants have introduced no evidence to rebut, but instead simply assert that Chaucer "has not carried its burden of producing satisfactory evidence to support its request." Doc. 21 at 6. The Court disagrees.

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Chaucer Corporate Capital, No. 2, Ltd.'s motion for attorney's fees, Doc. 15, is **GRANTED**.   Further, the Court

**ORDERS** the Clerk of Court to issue payment out of the Court's Registry to Brackett & Ellis, P.C. in the amount of $9,415.

**SIGNED** at Houston, Texas, this 2nd day of July, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE